# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 15 CR 578 |
| ROBERT BIBBS, | ) ) Judge Rebecca R. Pallmeyer |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Sheila Von Wiese was murdered in Bali, Indonesia on August 12, 2014, by her own daughter, Heather Mack, and Mack's lover, Tommy Schaefer. Mack and Schaefer were convicted of Von Wiese's murder in an Indonesian court, and are currently serving sentences of 10 and 18 years, respectively. The government alleges that a third conspirator was involved in the murder. On October 20, 2015, a grand jury in the Northern District of Illinois returned an indictment [23] against Defendant Robert Bibbs, charging him with conspiracy to kill a person in a foreign country (Count One, 18 U.S.C. § 956), conspiracy to commit foreign murder of a United States national (Count 2, 18 U.S.C. §§ 1117, 1119(b)), and solicitation of a crime of violence (Count 3, 18 U.S.C. §§ 373, 1119(b)). Bibbs himself was not in Indonesia when the victim was killed, but the government contends he is criminally responsible for conspiring with her murderers.

Defendant now moves to dismiss, challenging the sufficiency of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). For the reasons stated below, the court denies Defendant's motion [41].

## BACKGROUND

The Indictment alleges the following: Tommy Schaefer is Bibbs's cousin. Schaefer had a romantic relationship with the victim's daughter, Heather Mack. (Indictment ¶ 1.) On August 2, 2014, Bibbs "gave advice to Mack on how to kill Von Wiese." (*Id.* ¶ 4(a).) Later that day,

Mack boarded a flight from O'Hare International Airport to Indonesia. (*Id.* ¶ 4(a)-(b).) Schaefer made the same trip on August 10, 2014. (*Id.* ¶ 4(e).) The following day, August 11, Defendant sent Schaefer three messages[1]: two suggesting ways that Schaefer could kill Von Wiese (drowning or suffocation) (*id.* ¶ 4(f)-(g)), and another telling Schaefer, "It's go time." (*Id.* ¶ 4(h).) On August 12, 2014, Mack and Schaefer exchanged messages in which they discussed how and when to kill Von Wiese. (*Id.* ¶ 4(i).) That night, Schaefer entered the hotel room where Mack and Von Wiese were staying, and Mack and Schaefer killed[2] Von Wiese. (*Id.* ¶ 4(j)-(k).) The two were convicted on murder charges in Indonesia, where they are currently imprisoned. (Compl. ¶ 3 n.1.)

Based on these purported acts, the Indictment charges Bibbs with conspiring with Mack and Schaefer to murder Von Wiese, an American (Counts 1 and 2) and soliciting Schaefer to commit the murder (Count 3). Defendant now moves to dismiss all three counts of the five-page Indictment as insufficient to state an offense.

## DISCUSSION

**I.     Legal standard**

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows a defendant to make a pretrial motion that challenges the sufficiency of the indictment by arguing that it fails to state an offense. *See United States v. Boender*, 691 F. Supp. 2d 833, 837 (N.D. Ill. 2010). An indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). When considering a challenge to the sufficiency of an indictment, courts must view all allegations as true and in the light most favorable to the government. *See United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999);

---

[1] The Indictment does not specify which medium the three alleged co-conspirators used to communicate, but according to the criminal complaint [1], they used text messages and Facebook. (Compl. ¶ 15.)

[2] Although the Indictment is silent as to how Von Wiese was killed, the complaint states that she was "bludgeoned to death." (Compl. ¶ 40.)

*see also United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). The Seventh Circuit has explained that this generous standard means that an indictment is sufficient where it (1) states the elements of the crimes charged, (2) adequately informs the defendant of the nature of the charges brought against him, and (3) enables the defendant to assert the judgment as a bar to future prosecutions for the same offense. *See United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013). "To successfully challenge the sufficiency of an indictment, a defendant must demonstrate that the indictment did not satisfy one or more of the required elements and that [he] suffered prejudice from the alleged deficiency." *Id.* at 925; *see also United States v. Castaldi*, 547 F.3d 699, 703 (7th Cir. 2008).

## II. Counts 1 and 2: Conspiracy

Counts 1 and 2 charge that Bibbs conspired with Mack and Schaefer to kill Von Wiese in violation of 18 U.S.C. §§ 956, 1117, and 1119(b). Defendant argues that these counts are insufficient because they fail to allege a "key element": an "agreement" between Bibbs and his purported co-conspirators. (Mem. at 2.) The Indictment's omission of an alleged agreement would indeed be fatal. In order to prove a conspiracy, the government must establish that "(1) there was an agreement between two or more persons to commit an unlawful act, (2) the defendant was a party to the agreement, and (3) an overt act was committed in furtherance of the agreement by one of the co-conspirators." *United States v. Hickok*, 77 F.3d 992, 1004-05 (7th Cir. 1996). And in order to be sufficient, an indictment must "state all elements of the crime charged." *Moore*, 563 F.3d at 585.

But Bibbs's challenge to the conspiracy charge is largely semantic. Although the word "agreement" does not appear in the Indictment, the government alleges that Bibbs "conspired" with Mack and Schaefer to murder Von Wiese. (Indictment ¶ 2.) Black's Law Dictionary defines the verb "conspire" as "to engage in conspiracy; to join in a conspiracy." A conspiracy, meanwhile, is "[a]n agreement by two or more persons to commit an unlawful act." BLACK'S LAW DICTIONARY (10th ed. 2014); *see also* Seventh Circuit Pattern Jury Instructions 5.09. In other

3

words, one who "conspires," as Bibbs allegedly did, necessarily reached an agreement with his co-conspirators.

Bibbs nevertheless argues that the use of "conspire" instead of "agreed" is fatal because "the two words are not identical in adequately pleading a charge." (Reply at 3.) For support, he points to several cases in which an indictment alleged that defendants both "conspired" *and* "agreed." (*Id.* citing *Vaughn*, 722 F.3d at 926 (indictment alleged that defendants "knowingly and intentionally conspired and agreed with each other"); *United States v. Schaffer*, 586 F.3d 414, 422 (6th Cir. 2009) (indictment alleged that defendant and his co-conspirators did "unlawfully, knowingly, and intentionally combine, conspire, confederate and agree together"); *United States v. West*, 312 F. Supp. 2d 605, 615 (D. Del. 2004) (indictment alleged that defendant "knowingly conspired and agreed to knowingly distribute cocaine").). Therefore, Defendant urges, the omission of the word "agreement" means that he "has not been apprised of the criminality of his alleged conduct." (*Id.*)

This argument is unpersuasive. The Indictment tracks the language of the relevant statutes, neither of which contains the word "agreement." And even if they did, the word's omission would not be problematic. The government's choice of words does not meaningfully obscure the "nature of the charges brought against [Bibbs]" or render an element missing. *Vaughn*, 722 F.3d at 925; *cf. United States. v. Morris*, No. 99 CR 719, 2000 WL 246240 (Feb. 23, 2000) (dismissing indictment charging defendant with conspiracy to traffic in unauthorized devices for failure to allege an essential element—i.e., that defendant's actions affected interstate commerce). This conclusion is illustrated by the fact that, if the court granted Bibbs's motion, the government could cure the problem by the simple expedient of seeking a new indictment from the grand jury identical to this one, but substituting the definition of "conspire" in place of the word itself. Sustaining Defendant's form-over-substance objection would run counter to the Seventh Circuit's guidance to "consider the challenged count as a whole" and

4

"refrain from reading it in a hyper-technical manner." *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir. 1991).

The indictment in this case is quite brief and light on supporting facts, in odd contrast with the considerable detail included in the criminal complaint. The court nevertheless concludes that it is legally sufficient to state charges of conspiracy. As noted, the indictment contains all the elements of such charges in Counts 1 and 2. It further contains factual allegations that support the inference that Bibbs conspired with Mack and Schaefer (e.g., he allegedly advised both about how to commit the murder). And it apprises Defendant of the charges against him. Nothing more is required. *Vaughn*, 722 F.3d at 925.

Defendant's remaining arguments amount to an attack on the sufficiency of the Government's evidence and are inappropriate at this stage. For instance, he points to the fact that Mack and Schaefer bludgeoned Von Wiese to death—rather than drowning or suffocating her, as Bibbs suggested—as evidence that "there was no agreement" between the alleged co-conspirators. (Mem. at 5.) But whether the killers' modus operandi defeats a conspiracy finding is a question for the jury to answer, not a basis for challenging an indictment's sufficiency. *See United States v. White*, 610 F.3d 956, 959 (7th Cir. 2010) (holding that, in assessing an indictment's sufficiency, courts do not consider "whether any of the charges have been established by evidence or whether the government can ultimately prove its case").

Defendant's motion is denied as to Counts 1 and 2.

### III. Count 3: Solicitation

Count 3 charges Defendant with soliciting Schaefer to murder Von Wiese. Bibbs moves to dismiss this count on two grounds: (1) "there is no allegation in the indictment that Defendant either originated or convinced the perpetrators to commit the crime"; and (2) it involves speech protected by the First Amendment. (Mem. at 8.)

#### A. *Sufficiency of Count 3*

5

"In a solicitation prosecution, the government must establish (1) with strongly corroborative circumstances that a defendant intended for another person to commit a violent federal crime [3] and (2) that a defendant solicited, commanded, induced, or otherwise endeavored to persuade the other person to carry out the crime." *White*, 610 F.3d at 959 (citing 18 U.S.C. § 373(a); *United States v. Hale*, 448 F.3d 971 (7th Cir. 2006)). The Seventh Circuit has identified the following non-exhaustive list of circumstances that are corroborative of the defendant's intent: (1) whether the defendant repeatedly solicited the commission of the offense; (2) the defendant's belief as to whether the person solicited had previously committed similar offenses, and (3) whether the defendant acquired the tools or information suited for use by the person solicited. *Id.* (citing *United States v. Gabriel*, 810 F.2d 627, 635 (7th Cir. 1987)).

Defendant argues that Count 3 is insufficient because it fails to allege either that Bibbs "originated" the idea of committing the murder or that he "convinced" Schaefer to kill Von Wiese. (Mem. at 8.) But, as the government points out, neither of these things are elements of the offense. (Resp. at 8.) Count 3, like Counts 1 and 2, tracks the language of the relevant statute—§ 373—and lists each element of the crime. Although it includes very few factual allegations and dates, it provides enough to make Bibbs aware of the specific conduct against which he will have to defend himself at trial. Nothing more is necessary here. *See Vaughn*, 722 F.3d at 925. In the civil context, "[a] pleading that offers . . . 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Counterintuitively, the government's burden in crafting a legally sufficient Indictment is not so demanding. *See Vaughn*, 722 F.3d at 926 (declining to extend the *Twombly*/*Iqbal* civil pleading standards to criminal actions). When considering the sufficiency of an indictment, the question "is not whether the indictment particularly alleges sufficient facts from which a jury could find [Bibbs guilty], but rather whether

---

[3] The "violent federal crime" here is the foreign murder of a United States national. 18 U.S.C. § 1119(b).

the Government conceivably could produce evidence at trial showing [his guilt]." *United States v. Castor*, 558 F.2d 379 (7th Cir. 1977).

This is not to say that Defendant's interpretation of § 373—that in order for Bibbs to "solicit" Schaefer to murder Von Wiese, Schaefer could not have had a predisposition to commit the crime prior to Bibbs's involvement—is necessarily incorrect. The paradigmatic § 373 case involves a murder-for-hire scheme where the defendant seeks out someone to kill a third party in exchange for a fee. *See, e.g., United States. v. Dvorkin*, 799 F.3d 867 (2015). True, an offer of compensation is not required. *See e.g., id.*, 799 F.3d 867 (2015). ("[N]either § 373(a) nor [the solicited crime of violence] requires that a defendant reach an economic understanding or agreement in order to solicit a violation [of the crime of violence]."). And many solicitation cases involve violent crimes other than murder. *See, e.g., United States v. Gabriel*, 810 F.2d 627 (7th Cir. 1987) (arson). But here, unlike any § 373 case the court has found, Defendant had no apparent role in concocting or hatching the criminal scheme in question. (*See* Compl. ¶ 12 (indicating that Mack had asked Schaefer to kill her mother as early as February 4, 2014, months before Bibbs's alleged involvement in the conspiracy).

The Seventh Circuit has apparently never weighed in on the question of whether § 373 covers circumstances in which the solicitee's interest in committing the relevant crime predated the defendant's involvement. The Court of Appeals has, however, suggested that solicitation is something less than entrapment, which requires a showing that the defendant was not predisposed to commit the crime.[4] In *United States v. Mayfair*, 771 F.3d 417 (7th Cir. 2014), the court vacated a drug conspiracy conviction and remanded to permit defendant to present an entrapment defense. For purposes of an entrapment defense, the court explained that there must be a showing that goes beyond "mere government solicitation," and then went on to

---

[4] "A valid entrapment defense has two related elements: government inducement of the crime, and a lack of pre-disposition on the part of the defendant to engage in the criminal conduct." *United States v. Marren*, 890 F.2d 924, 929 (7th Cir. 1989) (citing *Sherman v. United States*, 356 U.S. 369 (1958)).

7

illustrate what that might include: "[I]inducement means more than mere government solicitation of the crime; the fact that government agents initiated contact with the defendant, suggested the crime, or furnished the ordinary opportunity to commit it is insufficient to show inducement." *Id.* at 434. If "government solicitation" is akin to criminal solicitation, the *Mayfield* language may confirm the notion that in order to solicit a crime, one must "initiate" or "suggest" or "furnish the opportunity to commit it." At this stage, however, the issue is not squarely before the court, and no case law the court has found directly defeats an interpretation that Defendant's conduct satisfies the elements required under § 373, which defines solicitation broadly to include "otherwise endeavor[ing] to persuade the other person to carry out the crime."

The court is willing to consider additional briefing on this issue. For now, it concludes that whether the government can establish Defendant's guilt under this statute is a question to be decided only after the evidence has been presented.

### B. *First Amendment protection*

The court turns now to Bibbs's First Amendment argument. As Defendant points out, mere speech advocating violence is protected under the First Amendment. *See Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969) ("[T]he constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action."). But speech integral to criminal conduct, such as "fighting words, threats, and solicitations," remains categorically outside the Constitution's protection. *United States v. Williams*, 553 U.S. 285, 297 (2008). Whether the First Amendment protects Bibbs's speech therefore turns on his intent: If he intended to induce Schaefer to harm Von Wiese, then his speech was not protected. As a result, any potential First Amendment concern is addressed by the requirement that the government prove Bibbs's intent beyond a reasonable doubt at trial, not by a dismissal at the indictment stage. *White*, 610 F.3d at 958.

## IV. Bill of particulars

Finally, the court notes that, given Defendant's concerns about the brevity and content of the Indictment, he may be better served by a motion for a bill of particulars. Federal Rule of Criminal Procedure 7(f) allows a defendant to move for a bill of particulars "within 14 days after arraignment or at a later time if the court permits." Generally speaking, the bill-of-particulars analysis is similar to the analysis of whether an indictment is constitutionally sufficient: "in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008). "[A] defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981) (citing *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979)). Courts may grant a motion for a bill of particulars based on such factors as "the: (1) complexity of the charges; (2) clarity of the indictment; and (3) degree of discovery available to the defense absent a bill of particulars." *United States v. Sorich*, 427 F. Supp. 2d 820, 838 (N.D. Ill. 2006) (citing *United States v. Vasquez-Ruiz*, 136 F.Supp.2d 941, 942 (N.D. Ill. 2001)). If Defendant Bibbs is genuinely in the dark about the nature of the charges, even in light of the discovery now presumably available to him, the court would entertain an appropriate motion.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss [41] is denied.

ENTER:

Dated: September 8, 2016  _____
REBECCA R. PALLMEYER
United States District Judge

9