**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 15 CR 578** |
| **ROBERT BIBBS,** | ) | |
| | ) | **Judge Rebecca R. Pallmeyer** |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 12, 2014, in Bali, Indonesia, Heather Mack and her romantic partner, Tommy Schaefer, murdered Mack's mother, Sheila Von Weise. Schaefer and Mack were convicted of the murder in Indonesian court, and are not before this court. Defendant in this case is Robert Bibbs. The government alleges that Bibbs sent electronic messages to Mack that provided advice about how to kill Von Wiese and encouraged Mack to follow through with the murder. Defendant has been charged with conspiracy to kill a person in a foreign country (Count One, 18 U.S.C. § 956), conspiracy to commit foreign murder of a United States national (Count Two, 18 U.S.C. §§ 1117, 1119(b)), and solicitation of a crime of violence (Count Three, 18 U.S.C. §§ 373, 1119(b)).

Defendant moved to dismiss the indictment, arguing that (1) the conspiracy counts were inadequately pled because they did not allege an "agreement" between Bibbs and his alleged co-conspirators and (2) the solicitation count should be dismissed because it involves speech protected by the First Amendment, and because the indictment contains no allegation that Bibbs originated the plan to kill Von Weise or that he convinced Schaefer and Mack to do so. On September 8, 2016, the court denied the motion to dismiss. *See United States v. Bibbs*, No. 15 CR 578, 2016 WL 4701441, at *1 (N.D. Ill. Sept. 8, 2016). As the court noted in its order denying Defendant's motion, the government's pleading burden in a criminal case is relatively minimal. *Id.* at *3. An indictment is legally sufficient if it (1) states all the elements of the crime

1

charged, (2) adequately informs the defendant of the nature of the charges against him, and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013). Regarding Counts One and Two, the court concluded that the government adequately alleged the existence of a conspiracy even though the indictment did not contain the word "agreement." *Bibbs*, 2016 WL 4701441, at *2. The court found Defendant's "largely semantic" challenge unpersuasive. *Id.* As for the solicitation count, the court rejected Defendant's First Amendment challenge as being premature. *Id.* at *4. Whether Bibbs' speech is protected depends upon whether he intended to induce harm. *Id.* If the government proves beyond a reasonable doubt at trial that Bibbs possessed such an intent, then his speech would fall outside the First Amendment's protection. *Id.* But the court declined to dismiss the solicitation count on First Amendment grounds at this early stage. *Id.*

The court did express some uncertainty about whether the indictment's allegations were sufficient to support a solicitation charge. In particular, the court noted its concern about whether 18 U.S.C. § 373—the federal statute prohibiting solicitation to commit a violent crime— covers situations in which the purported solicitees' decision to commit a violent crime predates the purported solicitor's involvement. *Id.* at *3–*4. To prosecute a defendant for solicitation, the statute requires the government to prove that the defendant "solicit[ed], command[ed], induc[ed], or otherwise endeavor[ed] to persuade" another person to commit a violent crime. 18 U.S.C. § 373(a). According to the indictment's allegations, Bibbs was not the originator of the murder plot, and at the moment that Defendant allegedly sent his message of encouragement, Mack was already in Bali for the purpose of killing Von Wiese. (*See* Indictment ¶ 4.) Yet the court noted that the broad prohibition in § 373 against "otherwise endeavor[ing] to persuade" could be interpreted to cover Defendant's alleged conduct, and no case law appears to directly defeat such an interpretation. *Bibbs*, 2016 WL 4701441, at *4. Thus, because the government "conceivably could produce evidence at trial showing that [Bibbs was guilty of solicitation],"

2

*United States v. Castor*, 558 F.2d 379 (7th Cir. 1977), the court ultimately concluded that the question of whether the government could establish Defendant's guilt would be better addressed after the presentation of evidence at trial. *Bibbs*, 2016 WL 4701441, at *4.

Because of its uncertainty on this point, the court did invite additional briefing on the issue. The court also noted that if Defendant is genuinely unsure about the nature of the charges against him, he could move for a bill of particulars. *Id.* at *4. Defendant has now filed a supplemental memorandum [64] in support of the dismissal of Count Three of the indictment, as well as a motion for a bill of particulars [65]. Having read the additional briefing, the court stands by its decision not to dismiss Count Three at this stage of the case. Defendant points to the definition of "solicitation" found in Black's Law Dictionary and argues that the definition— "asking, enticing, urgent request"—does not fit Defendant's alleged actions in this case.[1] But as the government notes, § 373 refers not only to soliciting, but also to "command[ing], induc[ing], or otherwise endeavor[ing] to persuade" the other person to engage in a violent crime. 18 U.S.C. § 373(a). As explained earlier, Defendant's alleged behavior is arguably covered by the phrase "otherwise endeavors to persuade." *Bibbs*, 2016 WL 4701441, at *4.

Defendant also follows the court in comparing this case to entrapment cases. Recognizing that the Seventh Circuit has not yet addressed the issue of whether a defendant can be guilty of solicitation without originating the criminal plot, the court reasoned in its prior ruling that criminal solicitation may be akin to "government solicitation," which the Seventh Circuit has addressed in the entrapment context. *Id.* The court looked to *United States v. Mayfair*, 771 F.3d 417 (7th Cir. 2014), in which the Court of Appeals explained that an entrapment defense requires a showing that the defendant was not predisposed to commit the crime prior to the government's involvement and that the government's actions amounted to inducement, which goes beyond "mere government solicitation; the fact that government agents

---

[1] Puzzlingly, Defendant also provides the definition of "incite," even though that word does not appear in § 373.

initiated contact with the defendant, suggested the crime, or furnished the ordinary opportunity to commit it is insufficient to show inducement." *Id.* at 434. The language in *Mayfield* suggests that solicitation of a crime may require "initiation" or "suggestion" or "furnishing the opportunity to commit" the crime. *Bibbs*, 2016 WL 4701441, at *4. And *Mayfield* suggests that even more is required to show "inducement." *Mayfield*, 771 F.3d at 434. As Defendant sees things, the purported solicitees in this case were not only predisposed to committing a crime, they were "actively engaged in committing . . . the exact offense for which Bibbs is now charged with instigating." (Def.'s Supp. Mem. [64] at 4.) Thus, Defendant argues, his actions could not constitute solicitation. In its prior ruling, however, the court acknowledged that language in *Mayfield* provides support for Defendant's position; nevertheless, because evidence of Defendant's involvement, and of Schaefer and Mack's "active engagement" at the time of his involvement has not yet been presented, the issue was not squarely before the court. Nothing in Defendant's supplemental brief persuades the court that it should reach a different conclusion at this time. The indictment adequately states the elements of solicitation, informs Defendant of the nature of the charges against him, and provides allegations of specific conduct (for example, the allegations concerning the messages he sent to Schaefer) that supports the charge. The indictment thus appears to be legally sufficient. *Vaughn*, 722 F.3d at 925. Whether the government can present enough evidence to establish Defendant's guilt is, of course, another question. But that question cannot be addressed until the government has presented its evidence at trial.[2]

Defendant has also not demonstrated a need for a bill of particulars. "A bill of particulars is 'unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense.'" *Id.* at

---

[2] Defendant's argument that the allegations in Count One of the indictment vitiate the allegations of Count Three does not change the court's conclusion. The court understands this argument to be the same as the one Defendant made originally—namely, that a defendant cannot be guilty of solicitation where he was not the originator of the plot. The court has addressed that argument here, as well as in its prior ruling.

927 (quoting *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003)).  The ndictment does so here.  Defendant also has access to a detailed criminal complaint and extensive discovery materials.  *See id.* (bill of particulars also unnecessary "if the information the defendant seeks is readily available through alternate means such as discovery").  In its prior ruling, the court suggested that Defendant might seek a bill of particulars if he was "genuinely in the dark about the nature of the charges" against him.  *Bibbs*, 2016 WL 4701441, at *4.  But Defendant's motion for a bill of particulars does not suggest that he is unaware of the charge filed against him; he simply disagrees that the indictment's allegations are sufficient to support that charge.  Because a bill of particulars is unnecessary in this case, the court denies Defendant's motion.

Since its ruling in September, the court has also considered the possibility that the "otherwise endeavors to persuade" clause of § 373(a), upon which the government relies in this case, might be void for vagueness, particularly in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson*, the U.S. Supreme Court held that the so-called "residual clause" of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") of 1984, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2563.  The ACCA imposes more severe punishments on defendants convicted of being felons in possession of a firearm if those defendants have three or more previous convictions for a "violent felony."  18 U.S.C. § 924(e)(1).  The Act's definition of "violent felony" includes those crimes involving "conduct that presents a serious potential risk of physical injury to another."  *Id.* § 924(e)(2)(B)(ii).  The Court in *Johnson* explained that this "residual clause" in the definition of "violent felony" left considerable uncertainty about how to estimate the risk posed by a given crime and about how much risk it takes for a crime to qualify as a violent felony.  135 S. Ct. at 2557–58.  Although the Court found that the abstract inquiry required by the ACCA's residual clause rendered that provision unconstitutionally vague, it noted that "[a]s a general matter, we do not doubt the

constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct."  *Id.* at 2561.

The case before this court involves just such an application of a qualitative standard to real-world conduct.  The jury will be asked to decide whether Defendant's messages constituted a real-world "endeavor to persuade" Schaefer and Mack to commit the murder.  That inquiry is not nearly as abstract as the one required by the residual clause in *Johnson*.  In addition, as the government points out, § 373 contains a scienter requirement.   Under the statute, the government must prove that Bibbs acted "with intent that another person engage in conduct constituting [a crime of violence] . . . and under circumstances corroborative of that intent, solicit[ed], command[ed], induce[d], or otherwise endeavor[ed] to persuade" that person to engage in such conduct.  18 U.S.C. § 373(a).  When a criminal statute contains such a scienter provision, the defendant "bears an especially heavy burden in raising his vagueness challenge" because such provisions diminish the likelihood of unfair enforcement and make it likely that the defendant had notice that he was engaging in proscribed conduct.  *United States v. Collins*, 272 F.3d 984, 989 (7th Cir. 2001).  Defendant would be unable to meet that heavy burden to show unconstitutional vagueness in this case.

Finally, as explained in open court, the court has considered the possibility of certifying this decision for interlocutory appellate review.  Ultimately, however, the court declines to do so.  As noted in this ruling and in the prior opinion, the question of whether the government's allegations are sufficient to support a charge of solicitation is not squarely before the court at this stage.  It is thus possible that the Court of Appeals would reach the same decision as this court—that the minimal standard for a legally sufficient indictment has been met—without addressing the question of whether a solicitation charge is proper where the purported solicitees were already predisposed to commit the violent crime at issue.   Rather than wait for an appellate ruling that may not provide additional clarity, the court would prefer to see this case proceed swiftly to trial.  A jury might conclude that the government lacks sufficient evidence to

convict Defendant of solicitation, in which case this issue would become moot. If, on the other hand, a jury returns a guilty verdict on the solicitation count, the court is confident that Defendant will have a full opportunity to challenge that outcome on appeal and to raise the same arguments it has presented here.

For the reasons stated above, the court again denies Defendant's motion to dismiss the indictment [41] and also denies Defendant's motion for a bill of particulars [65]. January 30, 2017 trial date stands.

ENTER:

Date: November 16, 2016

_____
REBECCA R. PALLMEYER
United States District Judge